* IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2013 DEC 13 PM 12:06

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES OF AMERICA      PLAINTIFF

      APPEAL NUMBER 13-14999-B
V.    CASE NO. 12-CR-00240-JDW-MAP-1

AMADOR MENA TRELLEZ      DEFENDANT

(ARLY PINILLA-CESPEDES, CO-DEFENDANT)

## MOTION FOR SHOW CAUSE ORDER AGAINST LOUIS CASUSO

Comes now Amador Mena Trellez, Defendant (Defendant Mena-Trellez) and for his motion states:

1. Defendant Mena-Trellez incorporates the "Motion for Determination as to Validity of Appeal" filed contemporaneously herewith, as if set forth word for word.

2. My lawyer Louis Casuso promised me that by pleading guilty in a case in the Southern District of Florida, US v. Mena-Trellez et al, No. 12-20237, I would be able to go home as soon as I could be processed out of custody. This case alleged cocaine

trafficking and conspiracy to traffic cocaine. The plea was made to the charge of "Failure to Heave." I pleaded to the charge even though it was completely baseless, because I was told that I should do that lest I be convicted of conspiracy and drug trafficking charges nevertheless.

3. Thereafter, I was charged with drug trafficking, in the Middle District of Florida. Defendant Mena-Trellez doesn't have a full set of the docket items at this time, but according to the understanding and recollection of Defendant, this was essentially a restatement of the drug trafficking count in the Southern District of Florida.

4. Mr. Casuso told me about a US v. Bellaizac-Hurtado, et al, 700 F3d 1245, (11th Cir., 11-6-2012), shortly after it was released by the Court. He told me that I would certainly win, and gain immediate release, on the basis of that motion.

5. Mr. Casuso demanded $8,000 in exchange for preparing, filing, and presentation of said motion. I and my co-defendant Arly Pinilla-Cespedes arranged for $4,000 to be wired, on behalf of each of us, to Mr. Casuso. Thus Mr. Casuso was paid in full for his demanded fee. Mr. Casuso charged $15,000 for the case in the Southern District. For the second case in the Middle District of Florida, he demanded $100,000. At the time the $8,000 was paid over to Mr. Casuso, $72,000 of that fee had already been paid.

6. Mr. Casuso brought me the motion right after November 6, 2012. I know that this was not the venue motion [Docket #37] despite my inability to read English, because this pleading contained substantive writing on more than one page.

7. Almost as soon as the $8,000 was in the account of Mr. Casuso, he came to the jail, and told me that the court had denied the motion to dismiss.

8. I was shocked and asked how it could possibly be that the motion was denied almost immediately after it was filed. Mr. Casuso assured me that this was fact, and that my hope of immediate release had been completely dashed. I was stunned by this development, and terrified of what this Honorable Court might do to me, having summarily denied a motion that Mr. Casuso assured me was completely meritorious and a sure winner.

9. Mr. Casuso started trying to convince me to plead guilty on the very same visit to jail. He had already told me that my Guideline Range would be 41, and that I faced a likely sentence of between 324 and 405 months.

10. After filing my "Motion for Notice of Appeal," in October 2013, a friend of mine told me that Oscar Stilley, a fellow inmate, had legal experience and might be able to help me.

11. Stilley informed me that the docket reflected the venue motion and other motions that I recalled, but not the motion pursuant to the rule announced by the 11th Circuit in Bellaizac-Hurtado. I was totally shocked. This was the first that I became aware of the fraud that was practiced on me by Mr. Casuso.

12. Defendant most respectfully submits that the following acts constitute indirect contempt of the court, or attorney misconduct justifying referral to bar disciplinary authorities, or both, and requests that the Court order Mr. Casuso to show cause, in writing and under oath, why he should not be held in contempt or referred to the bar authorities for the following specified acts:

A) Using false pretenses to obtain extra money from or for the benefit of a vulnerable client, contrary to ethical rules requiring attorneys to charge reasonable fees and provide agreed services in exchange for those fees;

B) Lying to defendants (or causing lies to be told) to the effect that a motion had been filed concerning the issues identified in Bellaizac-Hurtado, whether concerning what constitutes an "offense against the law of nations" or the question of the jurisdiction of the US government in the geographical territory of a foreign government, or both;

C) Lying to defendants (or causing lies to be told) to the effect that the Bellaizac-Hurtado motion was denied without a hearing by this Honorable Court;

D) Failure to raise, argue, and obtain a ruling on the merits of the claims of improper venue, res judicata, double jeopardy, or the essentially contractual rights derived from the prior plea agreement from the Southern District case, as a bar to prosecution in the Middle District, for reasons of greed and avarice rather than mere ignorance, lack of competence, or lack of preparation;

E) Such other specifically identified matters as the Court may deem appropriate for a show cause order in this case.

WHEREFORE, Defendant respectfully prays that this Honorable Court enter an order to show cause, requiring Mr. Casuso to: 1) Provide a listing of funds received from or on behalf of either defendant in this case, along with the date of receipt and the purpose of said funds; and,

2) File via CM/ECF a copy of the motion that he showed to Mena-Trellez, as an attachment to the response to the show cause; and,

3) Include information showing the date and time of the final "save" of said pleading, prior to telling Mena-Trellez that it was filed; and,

4) Refrain from modifying or deleting said file without permission of the Court; and,

5) Show cause why he should not be held in contempt, or referred to the proper attorney disciplinary authorities, or some combination thereof, for the acts listed in paragraph 12 (the last paragraph) above; and,

that the Court decide whether or not to allow a belated filing, response, and decision on the merits of the Bellaizac-Hurtado motion, and/or a decision on the merits of the venue motion, and/or other issues which logically should have been joined with the venue motion; that the Court decide whether any material facts remain, after discussions between the parties and counsel, which need to be determined by way of hearing and testimony; and any other matter deemed appropriate in light of the court's findings on the show cause proceedings; and such other and further relief as may be appropriate whether or not specifically prayed.

VERIFICATION

Pursuant to applicable federal law, I hereby declare that under penalty of perjury that the facts stated in the foregoing pleading are true.

\*

\*

/s/ Amador Mena-Trellez

_____          _____

Amador Mena-Trellez, 97978-004          Date
FCC Forrest City Low
PO 9000
Forrest City, AR 72336-9000

CERTIFICATE OF SERVICE

I hereby certify service by CM/ECF on all counsel of record in this case. If I am mistaken about how this form of service works I respectfully request that I be informed of my duties of individual service.