UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:12-cr-240-T-27MAP

AMADOR MENA-TRELLEZ
_____/

# REPORT AND RECOMMENDATION

Two hundred and thirteen days after the Court issued its judgment and sentence (doc. 83), the Defendant, acting *pro se,* filed his notice of appeal (doc. 85) and a companion motion to proceed on appeal *in forma pauperis* (doc. 86). The Defendant then followed with two more motions and a memorandum seeking vague miscellaneous relief, all of which complain about the representation he received from his retained counsel who had represented him from his initial appearance through his sentencing (docs. 90, 91, 92). The Defendant's motion to proceed *in forma pauperis* has been referred to me for a report and recommendation. *See* 28 U.S.C. § 636. The other two motions (docs. 90 and 92) have not, but I report and recommend regarding them as well because they are intertwined in substance to the referred motion. In sum, I recommend that all the motions be denied.

Pursuant to a plea agreement, the Defendant plead guilty to count one of the indictment charging him with conspiracy to possess with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. § 70506(a) and (b) and 21 U.S.C. § 660(b)(1)(B). Like almost all the plea agreements filed in this division, this one included the standard waiver of appeal

language, namely: the Defendant waived his right to appeal his sentence on "any ground" except if his sentence exceeded the advisory guideline range the Court calculated, or if his sentence exceeded the statutory maximum, or if the sentence violated the Eighth Amendment, or if the government appealed. *See* doc. 62 at ¶ B.17. On March 28, 2013, the Court sentenced the Defendant to 135 months imprisonment followed by supervised release. The Court then dutifully advised him of his right to appeal and to counsel if he could not afford one (doc. 77). With his counsel at his side (Luis Casuso), the Defendant did not ask that counsel be appointed to represent him, nor did he mention he wanted to appeal. On October 28, 2013, the Defendant filed his notice of appeal and a motion to proceed *in forma pauperis*.[1]

FRAP 4(b)(1)(A)(i) requires that a defendant in a criminal case file his notice of appeal within 14 days of the entry of either the judgment or the order being appealed. That time may be extended another 30 days for good cause or a finding of excusable neglect. FRAP 4(b)(4). Here the Defendant clearly exceeded those time limits, and he offers no justification for the late filing. Admittedly, the deadlines under FRAP 4(b) are not jurisdictional impediments. *United States v. Lopez,* 562 F.3d 1309, 1313 (11th Cir. 2009). Nonetheless, the rule imposes requirements, and the Defendant has failed to meet these. He filed his motion well after the 30-day extension period, and even if the Defendant had

---

[1] Following the Defendant's filing a notice of appeal, Casuso moved to withdraw as counsel of record (doc. 88). In that motion, Casuso contends the Defendant stated in open court that he did not want to appeal. My review of the proceedings does not support that assertion.

asserted reasons to extend the filing date, the Court would be required to deny the motion. *Id.* at 1314.[2] Accordingly, I recommend the Defendant's motion to proceed *in forma pauperis* (doc. 86) and his motions for miscellaneous relief (docs. 90, 92) be denied.

IT IS SO RECOMMENDED at Tampa, Florida on December 16, 2013.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc: Hon. James D. Whittemore
Counsel of Record
Defendant

---

[2] If the Defendant is attempting to make a motion to set aside his judgment and sentence under 28 U.S.C. § 2255 (and it is not clear that he is), his effort fails. Any such motion must satisfy the requirements set out in Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Court.