FILED

ULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: FOR-M-D

------------------------------------------------------------

OM: 10579062

BJECT: Motion extend time/reconsider

TE: 01/22/2014 05:38:28 PM

2014 JAN 28 AM 11:23
CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

NITED STATES OF AMERICA       PLAINTIFF

CASE NO. 12-CR-00240-JDW-MAP-1

MADOR MENA-TRELLEZ       DEFENDANT

**MOTION TO EXTEND TIME FOR RECONSIDERATION; ALTERNATIVELY, FOR RECONSIDERATION OF THE DENIAL OF MOTION FOR SHOW CAUSE ORDER AGAINST LOUIS CASUSO**

Comes not Defendant Amador Mena-Trellez (Defendant Mena) before the court, and for his motion states:

Defendant Mena has been in possession of the Court's order denying the motion for show cause since Friday, 1-17-2014. This is only 4 business days, counting the last day but not the first day of possession. However, Defendant has been informed that he is to be taken back to the Middle District of Florida, for a court appearance. Defendant Mena has not been served with any summons, subpoena, or other papers, and does not know the purpose for the return to court.

Defendant Mena asks for an extension of time, for 30 days, to move for reconsideration. Because Defendant Mena has already been packed out for transportation, he could leave at any time. Because he had planned to take more time for a response, he has not collected all the information and research necessary for a full reponse. It is for this reason that he asks for an extension of time to file his pleading.

Alternatively, should the Court decline to grant the extension, Defendant Mena respectfully prays reconsideration without further briefing. The reasons, as best Defendant Mena can state on very short notice, are as follows.

The Court is in error in concluding that a document is not signed because it lacks "wet ink." That theory was laid to rest in Reinagle v. Deutche Bank Nat'l Trust Co., 722 F.3d 700 (5th Cir. 2013), where the court said "The signature to a memorandum may be any symbol made or adopted with an intention, actual or apparent, to authenticate the writing as that of the signer."

A court necessarily abuses its discretion when it acts under a mistaken understanding of the applicable law. This statement of legal rule springs from memory, thus the lack of citation to authority.

Defendant Mena's signature was deliberately created to appear identical to the signatures of persons filing through CM/ECF. Defendant Mena realizes that he is filing pro se on paper. That is why Defendant Mena caused to be sent to the clerk a letter asking that Defendant Mena receive notice if some other form of signature is required. A copy of this letter is attached hereto as Exhibit "1" and incorporated herein as if set forth word for word.

Defendant Mena did this in order to make the work of the clerk and the Court more pleasant and efficient that might otherwise be the case. If the Court ordered that all further pleadings be ink signed, that would be done without complaint because Defendant Mena does not wish to offend the court, and certainly not on small matters of procedure, custom and practice.

Please understand that Defendant Mena is in a prison that has one slow printer for 2,000 inmates. This printer is routinely inoperable, often for lengthy periods. There is only one copier, a slow model altogether inadequate to the task. Workarounds are often available in theory only, not in practice. It is exceedingly difficult to produce documents *for court filings*, at this prison.

Furthermore, Trulincs is the only tool that allows for editing over more than a single day. Documents on Trulincs *have tiny fonts and margins, which cannot be changed. Cut and paste is not allowed. Underlining and italics are impossible. It is hard to overstate how limited this program really is.*

Defendant Mena expended scarce resources to make his documents have inch margins and sensible fonts, and otherwise to make documents that he believed would be more useful and suitable for the Court. If that is not to be the case, Defendant

TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: FOR-M-D

--------------------------------------------------------------------------------

Mena respectfully submits that he should be so informed. Defendant Mena's legal resources are exceedingly limited.

Defendant Mena did this because the rules (at least the civil rules) call for signatures on all pleadings, but the same rules, and applicable case law, provide that the litigant be given an opportunity to sign a document deemed unsigned. See Wash et al. v. Robert Johnson, Commissioner, et al, 343 F. 3d 685, (5th cir. 2003). In that case certain prisoners challenging the conditions of their confinement failed to sign the notice of appeal. They were allowed to sign the appeal later, even though the time for appeal had expired in the interim.

Defendant Mena hereby incorporates the text of the allegedly "unsigned" motions, into this motion, as if set forth word for word. Of course, if the Court wishes a wet ink signature, Defendant Mena will certainly comply, as quickly and efficiently as he reasonably can.

Defendant Mena has asked for either a show cause order or for a referral to the bar disciplinary committee. This Court has stated that the request lacks "facial merit." However, courts routinely refer lawyers to disciplinary committees for investigation. Sometimes, for example under the rules of the State of Arkansas, such judicial referrals MUST be pursued by the authorities.

Lawyers have a duty to report misconduct known to have been committed by another attorney. Surely the defrauding of money from a client, under false pretenses, and lying about court filings and orders, constitutes a violation of legal ethics. If nothing else it flagrantly violates the requirement to keep clients properly informed. This is of course far from the only act that would be significant enough to trigger mandatory reporting to bar authorities.

The government lawyer, and this Court, have been informed, by testimony under oath, of behavior of this nature. Defendant respectfully submits that the Court should at least set forth specifically the reasons that neither item of relief requested, nor any "other and further relief whether or not specifically prayed" is appropriate under these circumstances. Silence in the face of a duty to speak may, under certain circumstances, carry grave consequences.

WHEREFORE, Defendant respectfully prays for a 30 day extension of time to file for reconsideration; alternatively, that the Court reconsider and grant substantive relief based on the instant pleading; and for such other and further relief as may be appropriate whether or not specifically prayed.

Respectfully submitted,

By: *Amador Mena T.*   01.22.14
Amador Mena-Trellez, 97978-004    Date
FCC Forrest City Low
PO 9000
Forrest City, AR 72336-9000

CERTIFICATE OF SERVICE

By my signature above, I hereby certify service by CM/ECF, on all counsel of record in this case. If further efforts are required I will comply upon request.

RULINGS 10579062 - STILLEY, OSCAR AMOS - Unit: FOR-M-D

-----------------------------------------------------------------------------
-----------------------------------------------------------------------------

FROM: Moncaliano, Danitza
TO: 10579062
SUBJECT: Clerk's letter
DATE: 01/19/2014 11:06:07 AM

12-12-2013
Sheryl L. Loesch, USDC Clerk
Middle District of Florida
801 North Florida Avenue
Tampa, FL 33602

Re:   US v. Mena-Trellez, et al, MDFL (Tampa Div.) 8:12-CR-00240-JDW-MAP-1  Appeal No. 13-14999-B

Dear Ms. Loesch:

Hereby please find for filing 4 pleadings in the captioned case, including 1) a motion for determination of the status of appeal; 2) A motion for order to show cause; 3) Brief in support of motion for order to show cause, and 4) Response to Casuso's motion to withdraw as counsel. I've sent you only one copy since it is my understanding that you scan the original, and rely on the scanned version as the filed document. If you need more than one copy of pleadings, let me know and I'll be happy to comply with your requests.

I've done one more thing for your convenience. I've saved pdf versions of all these documents, generated from word processor, in my DropBox account. The URL at which each document may be accessed is:
https://db.tt/SJznoc0B (Motion for Determination of Appeal);
https://db.tt/u1pkAkbP (Motion to Show Cause);
https://db.tt/72Vi4Gc8 (Response to Motion to Withdraw);
https://db.tt/LdX5pcfz (Show Cause Brief 1); and
https://db.tt/YHyBlE7y (Show Cause Brief 2).
I totally understand if your office policy prohibits such a practice. I'm just trying to make your job easier, and your work product more useful, if that's possible for me to do.

You doubtless know that Mr. Mena-Trellez can't create properly formatted documents in prison. As far as that goes, he doesn't even speak English. He depends on others helping him to create pleadings for filings.

My name is Danitza Moncaliano, 15509 Miami Lakeway North, Hileah, FL 33014. My email is danitzamoncaliano@yahoo.com, my phone number is 786.955.3876. Mena-Trellez' mailing address is Amador Mena-Trellez, 97978-004, FCC Forrest City Low, PO 9000, Forrest City, AR 72336-9000.

If you need an ink signature, please don't hesitate to let me know. If you send me an email, I will relay this on to Mena-Trellez and provide you with email confirmation that he is going to send you what you need. I'm sending Mena-Trellez copies of the pleadings in the format that you see, so that if he needs to sign in ink and get a copy to your office, he can. IF you need this, please let me know if you need the ENTIRE document, or if he can simply send you signed SIGNATURE PAGES.

I HAVE NOT sent you an extra copy or a stamped self addressed envelope. It seems to me that it would be easier for clerk personnel if I just download the filemarked documents from PACER, so that's what I plan to do. Plus, I should be able to get them a bit sooner that way. I will provide Mena-Trellez with file-marked copies of the documents he has presented for filing.

Please let me know by email or otherwise if you have questions or comments. Thanks very much for your kind consideration of these requests.

Kindest personal regards,

Amador Mena-Trellez
C/O Danitza Moncaliano
C: Louis Casuso