UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.  Case No. 8:12-CR-240-T-27MAP

AMADOR MENA-TRELLEZ

_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Extend Time for Reconsideration; Alternatively, for Reconsideration of the Denial of Motion for Show Cause Order Against Louis Casuso (Dkt. 98). The motion is DENIED.[1] An extension of time is unnecessary. The reasons for reconsideration are set forth in the motion. Essentially, Defendant contends that it is unnecessary for him to sign pleadings. He is incorrect. An unsigned pleading is essentially a nullity. Indeed, the letter Defendant contends he sent to the Clerk explaining why his pleadings are unsigned is itself unsigned, and was submitted by someone other than Defendant, as it refers to the author in the first person ("My name is Danitza Moncaliano") (Dkt. 98, p. 3). While an inadvertent failure to sign a pleading by an incarcerated prisoner would ordinarily be forgiven, this record demonstrates that a non-lawyer is ghost writing pleadings on behalf of Defendant and improperly submitting unsigned copies to the Clerk for filing. That practice will not be permitted.

**DONE AND ORDERED** this 30th day of January, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Defendant, *pro se*
           Counsel of Record

---

[1] In criminal cases, a motion for reconsideration is not authorized. *United States v. Vives*, ___ F.3d ___, 2013 WL 6244734 (11th Cir. 2013). Notwithstanding, in civil cases, a motion for reconsideration cannot relitigate old matters, raise arguments, or present evidence that could have been raised before. *See Smith v. Ocwen Financial*, 488 Fed.Appx. 426, 428 (11th Cir. 2012). Rather, movant must demonstrate that newly discovered evidence or manifest errors of law or fact support reconsideration. *Id.*